IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
NORTHERN DIVISION

MELANIE NILIUS NOWLIN                                    PLAINTIFF

v.                          No. 3:26-cv-114-DPM

JAY PAUL WOODS, Mayor, City of
Trumann;  JONATHAN REDMAN,
Chief, Trumann Police Department;
JOHN REVIS KEMPER, Chief, Trumann
Fire Department;  LENNY BECKER,
Officer, Trumann Police Department;  and
THE CITY OF TRUMANN, ARKANSAS             DEFENDANTS

ORDER

1.      Nowlin's application to proceed *in forma pauperis*, Doc. 1, is granted.  She reports limited income and three dependents.  Her motion to seal her application, *Doc. 2*, is denied.  Insofar as practicable, the Court's records should be open to the public.  *IDT Corp. v. eBay*, 709 F.3d 1220, 1222–23 (8th Cir. 2013).  While Nowlin's desire for privacy is understandable, the financial information in her application isn't so sensitive to overcome the law's preference for an open record.

2.      The    Court    must    screen    Nowlin's    complaint. 28 U.S.C. § 1915(e)(2).  She sues the City of Trumann, Arkansas, its Mayor Jay Paul Woods, its Chief of Police Jonathan Redman, its Fire Chief John Revis Kemper, and Trumann Police Officer Lenny Becker. *Doc. 3.* Nowlin seeks damages as well as declaratory and injunctive

relief under 42 U.S.C. § 1983 alleging violations of the First, Fourth, and Fourteenth Amendments.

Nowlin ran a Facebook page called "Arkansas Justice Project" where she posted content critical of city officials and departments. *Doc. 3 at 3.* An article was published reporting that Nowlin was investigating Chief Kemper's possible personal use of a city vehicle. Within minutes of its publication, Chief Kemper spoke at a meeting of the Trumann City Council to refute the claims in the article. *Doc. 3 at 19.*

Chief Kemper submitted an affidavit to the Trumann Police Department alleging harassment by several Facebook pages, including Nowlin's. The department applied for a search warrant. A nondisclosure order accompanied the warrant, resulting in Nowlin not knowing that her Facebook account had been accessed until 12 July 2023. Nowlin says the search warrant contained material misrepresentations and citations to unrelated homicide and child pornography statutes. No criminal charges were brought against Nowlin.

Nowlin alleges that the defendants misused her online information. She says Chief Kemper's private attorney shared evidence in demand letters sent to unidentified individuals. She further says that the Trumann Police Department gave a six gigabyte-flash drive with

her data on it and unrelated explicit content to a third party creating confusion about whether the explicit material originated from her.

Nowlin has plausibly stated claims that that the defendants retaliated against her for protected speech; secured an unlawful search warrant with misleading information in support of probable cause; unlawfully seized her private communications and sources with the search warrant; had no legal justification to support the nondisclosure order; and in so doing violated her rights under the First, Fourth, and Fourteenth Amendments. Her claims will be served.

3.    The Clerk must prepare summonses for defendants and provide copies of the summonses along with the complaint and this Order to the Marshal, who must serve process, without prepayment of fees, by registered mail, restricted delivery, return receipt required, defendants at their places of employment as well as the Arkansas Attorney General's Office, 101 West Capitol Avenue, Little Rock, Arkansas 72701.

4.    Nowlin's motion to appoint counsel, *Doc. 4*, is denied without prejudice. She can prosecute her claims without the assistance of counsel for now. *Plummer v. Grimes*, 87 F.3d 1032, 1033 (8th Cir. 1996). Appointing counsel in a civil case is an extraordinary step; and the case is still young.

So Ordered.

_____
D.P. Marshall Jr.
United States District Judge

_14 May 2026_